# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN DAVID BRIDGEFORD,<br><br>Plaintiff,<br><br>v.<br><br>MARK PAZIN, et al.,<br><br>Defendants. | Case No. 1:12-cv-00800-AWI-DLB PC<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND**<br><br>ECF NO. 6<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

I.  **Background**

Plaintiff Bryan David Bridgeford ("Plaintiff") is a prisoner in the custody of the Merced County Sheriff's Department. Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On May 16, 2012, Plaintiff filed his complaint. ECF No. 1. On June 15, 2012, Plaintiff filed his amended complaint. ECF No. 6.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1

1 claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

2 A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II. Summary of Amended Complaint

Plaintiff was incarcerated at John Latorraca Correctional Center in Merced, California, where the events giving rise to this action occurred. Plaintiff names as Defendants Mark Pazin, Merced County Sheriff. Plaintiff also names a sergeant, three correctional officers, and medical personnel.[1]

Plaintiff alleges the following. There was an incident which resulted in Plaintiff and his cell mate being taken to a holding cell. Plaintiff's cell was torn apart. All of Plaintiff's property was taken, including his mattress. Plaintiff was without a mattress for two weeks. Plaintiff never received a "true" due process hearing before being disciplined.

Plaintiff requests that he be compensated for a violation of Plaintiff's due process rights.

## III. Analysis

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533. California provides

---

[1] Plaintiff's handwriting is very difficult to read, and the Court is not sure who Plaintiff has named.

such a remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

Plaintiff fails to state a claim against any Defendants. Based on Plaintiff's allegations, it is unclear whether the deprivation was unauthorized, which would fail to state a claim. Additionally, Plaintiff fails to allege when this incident occurred, or which Defendants caused the deprivation. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.").

To the extent that Plaintiff alleges liability against Defendant Pazin solely because of his supervisory role as sheriff, Plaintiff fails to state a claim. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. *Id.* at 677. When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability against Defendant Pazin, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights, knew of the violations and failed to act to prevent them, or implemented a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations omitted). Plaintiff alleges no such facts.

**IV.    Conclusion and Order**

Plaintiff fails to state any cognizable federal claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended

complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. Aug. 29, 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's first amended complaint is dismissed for failure to state a claim, with leave to file a second amended complaint within **thirty (30) days** from the date of service of this order;

3. Plaintiff may not add any new, unrelated claims to this action via the second amended complaint and any attempt to do so may result in an order striking the second amended complaint; and

4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **December 13, 2012**           /s/ *Dennis L. Beck*
                                         UNITED STATES MAGISTRATE JUDGE